

CT CORPORATION SYSTEM
306 W MAIN STREET
SUITE 512
FRANKFORT, KY 40601

**Exhibit A**

```
AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1
```



Case #: **17-CI-003958**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

## CIVIL SUMMONS

Plantiff, CHUANG, SZUYUNG VS. TRANSWORLD SYSTEMS, INC, Defendant

TO:  **CT CORPORATION SYSTEM**
     **306 W MAIN STREET**
     **SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is TRANSWORLD SYSTEMS, INC

The Commonwealth of Kentucky to Defendant:
**TRANSWORLD SYSTEMS, INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **07/28/2017**

Presiding Judge: HON. BARRY WILLETT (630175)

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 ____

Served By _____

Title _____

---

Summons ID: 619141449627O@00000833686
CIRCUIT: 17-CI-003958 Certified Mail
CHUANG, SZUYUNG VS. TRANSWORLD SYSTEMS, INC



Page 1 of 1

**eFiled**

CASE NO. _____      JEFFERSON CIRCUIT COURT
                                     DIVISION_____
                                       JUDGE _____

*Electronically Filed*

SZUYUNG CHUANG                          PLAINTIFF

v.

TRANSWORLD SYSTEMS, INC.              DEFENDANT

    **SERVE:**
    C T Corporation System
    306 W Main St.
    Suite 512
    Frankfort, KY 40601

## COMPLAINT

The Plaintiff, Szuyung Chuang, by counsel, for her Complaint against Defendant, Transworld Systems, Inc., states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

### JURISDICTION AND VENUE

1. Plaintiff a resident of Louisville, Jefferson County, Kentucky.

2. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

3. Defendant is a California corporation with an office at 507 Prudential Road, Horsham, PA 19044.

4. At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

5. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

6. This Court has jurisdiction pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

7. Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

8. Plaintiff Szuyung Chuang seeks damages in excess of the minimum damages available in this Court.

## FACTS

9. On or about February 13, 2017, Defendant sent an initial letter to Plaintiff via the mails to Plaintiff's residence wherein Defendant sought to collect a medical debt in the amount of $291.00 on behalf of Lexington Surgery Center.

10. Plaintiff did not owe the debt because it had been paid.

11. The envelope containing the letter sent by Defendant to Plaintiff contained the word "TRANSMITTAL" in large font over a bold green stripe across the envelope.

12. A barcode and data matrix code were visible through the clear window pane of the envelope.

13. Thereafter, Defendant caused Plaintiff's telephone to ring frequently, often as much as twice daily, with the intent to harass, oppress, or embarrass Plaintiff.

14. On or about March 6, 2017, Defendant sent a second letter to Plaintiff via the mails to Plaintiff's residence, wherein Defendant sought to collect the debt.

15. Neither of the letters Defendant sent to the Plaintiff accurately identified the current creditor, in violation of 15 U.S.C. § 1692g.

16. As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged, entitling her to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

## COUNT I
## VIOLATION OF THE FDCPA

17. Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia*, pursuing collection on a paid debt and seeking to collect amounts that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f (1); 15 U.S.C. § 1692d.

18. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of the debt. To wit, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

19. In connection with the collection of the debt, Defendant used language and symbols, other than the Defendant's address, on the envelope when communicating with the Plaintiff by use of the mails, in violation of 15 U.S.C. § 1692f(8).

20. Defendant used false or misleading representations in its letters by threatening to recommend to the creditor that "the amount be transferred to our team of professional telephone collectors to attempt to collect" in violation of 15 U.S.C. § 1692d and § 1692e.

21. Defendant's conduct, as alleged herein, constitutes violations of U.S.C. § 1692g(a), in that Defendant failed to send the Plaintiff a written notice of the debt containing the name of the creditor to whom the debt is owed.

22. Defendant's conduct, as alleged herein, constitutes violations of U.S.C. § 1692g, in that Defendant sent multiple letters to Plaintiff during the validation period, thereby overshadowing Plaintiff's validation rights.

23. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

24. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

25. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. Defendant's conduct as herein alleged was intentional, reckless, or negligent.

27. Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

28. Defendant's conduct as herein alleged was a cause of Plaintiff's emotional distress.

29. Plaintiff's emotional distress was severe.

30. At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

31. Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Szuyung Chuang, by counsel, demands relief against the Defendant, Transworld Systems, Inc., as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for her actual damages sustained as set forth in above Counts.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C.   Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D.   Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E.   Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

F.   An award of attorneys' fees and costs herein incurred.

G.   Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

**TAYLOR COUCH PLLC**

*/s/ Nina Couch*
NINA COUCH
ZACHARY L. TAYLOR
2815 Taylorsville Road
Suite 101
Louisville, Kentucky 40205
Phone: 502-625-5000
ncouch@taylorcouchlaw.com
ztaylor@taylorcouchlaw.com
*Counsel for Szuyung Chuang*

| | |
|---|---|
| CASE NO. 17-CI-003958 | JEFFERSON CIRCUIT COURT<br>JUDGE BARRY WILLETT<br>DIVISION ONE (1) |
| SZUYUNG CHUANG | PLAINTIFF |
| v. | |
| TRANSWORLD SYSTEMS, INC. | DEFENDANT |

### NOTICE OF FILING OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for Western District of Kentucky. Attached hereto as Exhibit "1" is a copy of the Notice of Removal filed in the United States District Court effecting such removal.

PLEASE TAKE FURTHER NOTICE that in accordance with 28 U.S.C. § 1446(d), the Jefferson County Circuit Court, State of Kentucky, shall proceed no further in this action unless and until the action is remanded by the United States District Court for the Western District of Kentucky.

Dated: August 21, 2017

Respectfully Submitted,

REMINGER CO., L.P.A.

_/s/ Benjamin A. Bellamy_
Benjamin A. Bellamy
730 W. Main St., Suite 300
Louisville, KY 40202
Telephone: (502) 625-7296
Email: bbellamy@reminger.com
*Attorneys for Defendant,*
*Transworld Systems, Inc.*

**Exhibit B**

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017 a copy of the foregoing was forwarded to counsel of record, via U.S. mail, postage prepaid.

Nina Couch, Esq.
Taylor Couch, PLLC
2815 Taylorsville Road, Suite 101
Louisville, Kentucky 40205

*Attorneys for Defendant,*
*Transworld Systems, Inc.*

2